John O. CROUSE, Plaintiff,

v.

David L. LADD, Commissioner of Patents, Defendant.

Civ. A. No. 949–62.

United States District Court
District of Columbia.

Sept. 10, 1963.

J. Helen Slough, Cleveland, Ohio, Smith, Michael & Gardiner, William A. Smith, Jr., Washington, D. C., for plaintiff.

Clarence W. Moore, Solicitor, U. S. Patent Office, Washington, D. C., for defendant.

JACKSON, Judge.

This is an action under 35 U.S.C. § 145, seeking a judgment authorizing the defendant, Commissioner of Patents, to issue a patent to plaintiff containing claims 12 and 13 of his application Serial No. 639,275, filed on February 11, 1957, and entitled "Flexible Tubing".

Claims 12 and 13 call for a flexible guide tube *per se* for a flexible control rod, the latter oftentimes being referred to in the art as a "bowden wire".

The subject matter of the application relates to a tubing structure designed specifically to house a flexible control cable such as is ordinarily referred to as a bowden cable. Such cables are commonly made of flexible wire and usually reciprocate along the longitudinal axis of the cable and tube, although rotation as well as reciprocation of said cable within the tube is not precluded. The cable itself is conventional. The tube comprises an inner spring wire helix whose successive and adjacent convolutions are maintained in contiguous engagement with each other.

The involved claims read as follows:

"12. A laterally flexible, and substantially non-extensible tubular housing for a Bowdin [sic] control wire, comprising a spring wire helix whose successive convolutions are resiliently maintained in lateral, contiguous, spring pressed engagement with each other, the interior of said helix providing a slideway on which a said control wire may be longitudinally adjusted, and a substantially thick-walled coating of a plastic material being applied over all outwardly presented surfaces of said helix, being solidified in situ, and having physical properties generally corresponding to those possessed, to a substantial degree, by a vinyl having a durometer hardness rating of D–75, said coating being closely fitted within the exteriorly presented recesses between all pairs of successive helix convolutions, to longitudinally interlock said helix and coating, said coating being substantially non-stretchable, and preventing longitudinal stretching of said helix.

"13. The laterally flexible and substantially non-extensible tubular housing for a Bowdin [sic] control wire, substantially as set forth in Claim 12, and being further characterized by the limitation that the diameter of the helix wire be not

substantially less than that dimension which is one-half of the diameter of the recited slideway."

The claims were rejected as being unpatentable in view of the following references:

| Schmid et al. Entitled: | No. 2,210,733 "Tool Operating Device and Flexible Cable Therefor" |
|---|---|
| Dated: | August 6, 1940 |
| Marshall Entitled: Dated: | No. 2,550,576 "Cording" April 24, 1951 |
| Bentley Entitled: Dated: | No. 2,774,382 "Guiding Conduit" December 18, 1956 |

In addition to the Board of Appeals holding that the claims were rejected by reason of the aforementioned references, it rejected claim 13 as being drawn to new matter. Since the Court finds that the references relied upon render the involved claims unpatentable, it is deemed unnecessary to discuss the latter rejection of claim 13.

The Marshall patent is the chief reference. It discloses a "flexible cording or rod material for clothes lines, cables, bracelets, suspending curtains and for like purposes", and shows a tubing structure comprising a helically coiled spring metal wire having its adjacent or contiguous convolutions in engagement. A vinyl covering is formed in situ on the outer surface of the said wire. The vinyl coating is applied by feeding the wire coating through a die having a somewhat larger diameter than the coil. The covering is forced under pressure into the outer helical grooves formed by adjacent convolutions of the wire. Marshall contemplates the use of his tube, among other things, as a clothes line, but not as a guide for a bowden wire. The hardness of the vinyl plastic covering is not specified by Marshall.

Schmid et al. demonstrates a bowden wire guide tube comprising a helical wire core and a rubber covering thereover. The rubber cover does not appear to be keyed to the core along its length. The turns of the core are contiguous and formed from thick wire, larger in diameter than the slideway for the bowden wire.

Bentley shows an extruded tubular plastic guide for a bowden wire. At least one longitudinal reinforcement wire is embedded in the plastic guide to obviate stretching.

The Court agrees with the tribunals of the Patent Office that claims 12 and 13 merely called for a tubular guide *per se,* and that the bowden wire is not claimed in combination with the tubular guide.

Marshall discloses the claimed structure involved herein. Therefore, the Court finds that the differences in the hardness of the plastic coating and the size of the core wire are merely matters of degree since nothing critical is present. The specification and claims do not suggest criticalness for a D–75 hardness, and that suggestion is a fundamental requirement for ascribing patentable weight to specific values or ranges. See In Re Honnig, 193 F.2d 191, 39 CCPA 740; In re Shoemaker, 83 F.2d 288.

The Court finds that Marshall is a complete anticipation of the structure defined by claim 12, and that the dimensional relationship added by claim 13 fails in patentability because said dimensional relationship is not critical.

The Board of Appeals' interpretation of plaintiff's plastic covering as having a

small degree of stretchability seems to be correct.

It appears to the Court that it would be obvious to one skilled in the art to extrude a plastic coating on the helical wire core of Schmid et al. in lieu of Marshall's teaching if such were desired.

There was evidence at the trial that the structure defined in the involved claims have proved commercially successful, but evidence of commercial success will not render an invention patentable when such invention has clearly been anticipated as being obvious by the prior art.

See also 190 F.Supp. 143.

In accordance with the foregoing discussion, the Court finds for the defendant, and concludes that plaintiff is not entitled to a patent containing either of claims 12 or 13.

What has been stated herein shall constitute Findings of Fact and Conclusions of Law.